# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH

Grafton Superior Court
3785 D.C. Highway
North Haverhill NH 03774

Telephone: (603) 787-6961
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## RECEIPT OF WRIT

Case Name:     **Theresa Piper v Christopher Polinch, APRN, et al**
Case Number:   **215-2012-CV-00320**

The writ in the above-captioned matter was filed with the Clerk of this Court on: July 30, 2012 at 10:02 a.m.

Theresa Piper or his/her attorney is to attach a copy of this Receipt to identical copies of the original writ and deliver them to the Sheriff or other legally authorized entity for service on Christopher Polinch, APRN; North Country Home Healthcare and Hospice Agency; Caitlyn O'Connell, M.D.. Sufficient copies shall be provided to allow for a service copy for each named defendant and a copy for each officer completing service to complete the return. The return copies shall be filed with the Court in accordance with Superior Court Rule 3.

BY ORDER OF THE COURT

July 31, 2012

David P. Carlson
Clerk of Court

(468)

Exhibit A

NHJB-2575-S (02/24/2009)

# The State of New Hampshire

## SUPERIOR COURT

GRAFTON COUNTY

( ) COURT
(✓) JURY

**WRIT OF SUMMONS**

THERESA PIPER
Plaintiff

v.

v.

CHRISTOPHER POLIXCH, APRN
NORTH COUNTRY HOME HEALTHCARE AND HOSPICE AGENCY
CAITLYN O'CONNELL, M.D.

Defendants

The Sheriff or Deputy of any County is ordered to summon each defendant to file a written appearance with the Superior Court at the address listed below by the return day of this writ which is the first Tuesday of September MONTH 2012 YEAR.

The PLAINTIFF(S) state(s): In a plea of trespass on the case medical malpractice (see attached)

and the Plaintiff(s) claim(s) damages within the jurisdictional limits of this Court.

INDORSER (sign and print name)
Stan Brinkman, Esq.

7/27/2012
DATE OF WRIT

**NOTICE TO THE DEFENDANT**

The Plaintiff listed above has begun legal action against you. You do not have to physically appear in Court on the return day listed above since there will be no hearing on that day. However, if you intend to contest this matter, you or your attorney must file a written appearance form with the Clerk's Office by that date. (Appearance forms may be obtained from the Clerk's Office.) You will then receive notice from the Court of all proceedings concerning this case. If you fail to file an appearance by the return day, judgment will be entered against you for a sum of money which you will then be obligated to pay.

Witness, Tina L. Nadeau, Chief Justice. Superior Court

David P. Carlson, Clerk
NH Superior Court Grafton County
3785 Dartmouth College Hwy.
North Haverhill NH 03774
(603) 787-6961

SIGNATURE OF PLAINTIFF/ATTORNEY

Stan Brinkman, Esq.
PRINTED/TYPED NAME

36 S. Court Street P.O. Box 294
ADDRESS

Woodsville, NH 03785 / 603-747-3003
                              PHONE

Attachment to writ of summons
# STATE OF NEW HAMPSHIRE

**Grafton County Superior Court**
Grafton County: SS

Docket # <u>unassigned</u>

THERESA PIPER
Plaintiff

v.

CHRISTOPHER POLINCH, APRN
NORTH COUNTRY HOME HEALTHCARE AND HOSPICE AGENCY
CAITLYN O'CONNELL, M.D.

Defendants

## COMPLAINT

Now Comes: Theresa Piper makes complaint against above defendants and in support thereof, states and follows.

1. The plaintiff, Theresa Piper, is a resident of Woodsville, County of Grafton, State of New Hampshire, with an address of 139 Central Street, Woodsville, and has been so for all the material times herein and for at least the last five years.

2. Dr. Christopher Polinch APRN is a licensed physician's assistant by the State of New Hampshire to practice medicine with a physical place of business of Ammonoosuc Community Health Services Inc., 202 Cottage Street, Littleton, New Hampshire 03561 and was so for all material times herein alleged.

3. The Visiting Nurses Association North Country Home Healthcare and Hospice Agency is a licensed nursing association under the laws of the State of New Hampshire with a principal place of business of 536 Cottage Street, Littleton, New Hampshire 03567.

4. The plaintiff suffered and suffers for all material time herein and from with a medical condition commonly known as COPD.

5. The plaintiff's COPD causes her to have difficulty breathing and causes her to have reduced pulmonary function.

6. Plaintiff was for all material times here in until August 25th 2012 on the narcotic painkiller Vicodin, for sleep at night time.

7. Due to her COPD, the plaintiff is and/or was at all material times herein, oxygen dependent and as such, brings and brought tank supplies of oxygen with her at all times.

8. On August 19, 2009, with oxygen in tow, Theresa Piper presented to defendant, Christopher Polinch physician's assistant, the Warren, New Hampshire location of "The Warren Health Center" ,with a shortness of breath and chest pain caused by coughing from an infection aggravating her COPD condition. She had compromised breathing and pulmonary function at the time of her presentation.

9. As a result of her presentation, the defendant Christopher Polinch prescribed one half tablet of 15mg of morphine to be taken every six hours for the next four days. Though this prescription was written inaccurately as to the above, it was actually written for a long-duration, the morphine was taken correctly as prescribed for Theresa Piper.

10. On August 20, 2009, the plaintiff filled the prescription and began taking the morphine prescribed to her as directed by physician's assistant, Christopher Polinch, overseen by defendant supervising doctor, Caitlyn O'Connell.

11. The morphine, in combination with other medications she was using, substantially slowed her respiratory and pulmonary functions. By August 24, 2009 her functions had deteriorated to the point that a monitor which sent information over the phone to the defendant North Country Home Healthcare and Hospice Agency triggered and a call placed to plaintiff's residence. In that call the defendant North Country Home Healthcare was informed by plaintiff's daughter that plaintiff had been difficult to awaken, was having difficulty breathing, was lethargic and was see multiple images.

12. The records indicated that Dr. Caitlyn O'Connell was contacted and informed of the plaintiffs condition whereby she indicated that the morphine should be stopped and that she would contact the plaintiff in 2 hours and see if she could come to the office and that the might consider a shot to reverse. For what ever reason this information was not provided to the plaintiff who was not informed to stop taking the morphine directly by defendant North Country Healthcare and Hospice Agency, nor defendant Caitlyn O'Connell. The plaintiff continued to take the morphine as prescribed.

13. The continued taking of the morphine was a result of an open pharmaceutical script and signature of Christopher Polinch with no need to reconcile her prescription medications and the failure of the other defendants to ensure that the taking of the morphine stopped on August 24th, 2009.

14. On the morning of August 25, 2009, the plaintiff was unable to be awoken despite various attempts by her family who then called 911.

15. E.R. services were summoned, who had to incubate the plaintiff, administer drugs to reverse the dynamic affects of the morphine and otherwise restart the plaintiff's heartbeat and respiration.

16. The plaintiff was brought to Cottage Hospital where emergency treatment was initiated and the plaintiff was then transported to Dartmouth Hitchcock Medical Center via a Dartmouth helicopter where she remained in an involuntary overdose-induced coma.

17. Some days later, the plaintiff awoke from the coma and was ultimately discharged from the hospital on 9/1/2009.

18. As a result of the foregoing, the plaintiff's pulmonary and respiratory functions were reduced for a period of time, but it took at least six months before she was able to regain the full function she had previous to the morphine overdose-induced coma.

19. The events of the coma were and are traumatic to the plaintiff causing her severe emotional distress as well as interfering with her enjoyment of life.

20. For all material times herein, the defendant and defendants knew or should have known that the plaintiff had COPD and the respiratory difficulties, in light of the fact that the plaintiff carried a portable oxygen tank in plain view, in and apart from her underlying medical records and prescription medication logs yet prescribed morphine in an amount that was in contradiction to the established standard of care as to the plaintiff and any presenting individual with the history and condition of the plaintiff.

## COUNT I: MEDICAL-MALPRACTICE OF CHRISTOPHER POLIXCH

21. Paragraphs 1-20 are incorporated herein as in full as they appear herein.

22. The acts and/or omissions of the defendant, Christopher Polinch, were a breach of his duty to the patient Theresa Piper and were not in accord with the local standards of care based on the presentation, medical history, and pharmaceutical logs that the plaintiff presented to the defendant, Christopher Polinch with on August 19th of 2009.

23. The breach of duty by Christopher Polinch caused the plaintiff harm as numerated herein previously and hereafter espoused.

24. It was reasonably foreseeable that the breach of duty by the defendant by prescribing morphine in the amount as he did, would and could cause the plaintiff go into an involuntary overdose-induced pharmaceutical coma and incur all damages previously herein enumerated and hereafter set forth.

25. As a direct and proximate cause of the actions of the defendant, Christopher Polinch caused the plaintiff to experience pain and suffering, as well as medical damages in the approximate amount of $50,000.

26. As a direct and proximate result of the breach of duty by physician's assistant, Christopher Polinch, the plaintiff experienced pain and suffering as well as severe emotional harm and trauma in having to suffer through a involuntary morphine overdose-induced coma.

27. As a direct and proximate result of the breach of duty, defendant Christopher Polinch caused, the plaintiff experienced loss of the enjoyment of life.

## COUNT II: NEGLIGENCE OF CAITLYN O'CONNELL M.D.

28. Paragraphs 1-27 are incorporated herein by reference.

29. At all material times herein Caitlyn O'Connell M.D. was under a duty as a supervising physician of Christopher Polinch to see to it that he acted in accordance within all medical standards of care in regard to his patients including Theresa Piper.

30. Caitlyn O'Connell M.D. breached this by failing to oversee and stop the inappropriate prescription of morphine given to plaintiff Theresa Piper and further breached her duty to Theresa Piper by failing to oversee that the inappropriate pharmaceutical prescription was thereafter stopped.

31. On or about August 24, 2009 after the visit by the defendant, North Country Home Healthcare and Hospice Agency, a phone call was placed to Dr. Caitlyn O'Connell M.D. I regard to the morphine prescription. She indicated that the prescription should be stopped.

32. However, and for whatever reasons, this information was not directly communicated to Theresa Piper or any person on her behalf in regard to her treatment be it by Caitlyn O'Connell M.D. or North Country Home Healthcare and Hospice Agency and inappropriate taking of morphine continued.

33. The failure to contact and to oversee the physician's assistant, Christopher Polinch, and or to see to it that the inappropriate pharmaceutical prescription was stopped was a breach of duty by Caitlyn O'Connell M.D.

34. As a direct and proximate cause of the breach of duty by Dr. O'Connell, the plaintiff Theresa Piper suffered the damages previously alleged herein and those damages herein after asserted.

35. It was reasonably foreseeable that as a result of the breach of duty by Dr. O'Connell as enumerated here in that the plaintiff would suffer the damages enumerated herein.

## COUNT III: NEGLIGENCE OF NORTH COUNTRY HOME HEALTHCARE AND HOSPICE AGENCY

36. Paragraphs 29-35 are incorporated herein by reference.

37. Defendant North Country Home Healthcare and Hospice Agency and it's agents were under a duty of due care and appropriate treatment of their patient, plaintiff Theresa Piper.

38. The defendant North Country HHA breached its duty to Theresa Piper by failing to stop the administration of an inappropriate pharmaceutical prescription of morphine, which ultimately induced the coma and near death of the plaintiff.

39. North Country HHA was under a duty at all material times herein as the pulmonary and respiratory functions of Theresa Piper decreased on the days of its visit starting from August 22 through August 25 of 2009 at the time of her becoming coma induced to stop the taking of morphine by the plaintiff as it was a breach of the local standard of medical care .

40. The defendant further breached its duty by failure to directly communicate the directive by Dr. Caitlyn O'Connell to stop the administration of the prescription to the plaintiff.

41. As a direct and proximate result of the breaches herein enumerated, the plaintiff suffered from a morphine-induced coma, experienced severe emotional distress, as well as the medical expenses and loss of enjoyment of life previously enumerated herein.

42. Wherefore the plaintiff, Theresa Piper, request judgment be entered against the defendants Christopher Polirch APRN, North County HHA, and Caitlyn O'Connell M.D. for the damages asserted herein, including but not limited to, medical expenses, consequential damages, in amounts yet to be proved.

## COUNT IV LACK OF INFORMED CONSENT AS TO DEFENDANT CHRISTOPHER POLINCH

43. Paragraphs 1-42. Are incorporated herein.

44. At no point did defendant Christopher Polinch or any one on his behalf explain the risks to the plaintiff of taking the amount of morphine to be taken to the plaintiff in combination with her COPD condition and as such she could not and did not consent to any associated risks with taking the morphine including risks and ultimate outcomes that are espoused in paragraphs 1.-42. All resulting in the damages enumerated in paragraphs 1.-42.

## COUNT V RES-ISPA LOQUITER NEGLIGENCE AS TO ALL DEFENDANTS

45. Paragraphs 1. – 44. Are incorporated herein.

46. But for negligence of a defendant or defendants in combination. the injury to the plaintiff or a similar situated individual does not or could not transpire.

47. The presented facts speak for themselves and negligence must be present in order for the facts alleged to result in the resulting out come alleged in paragraphs 1.-44.

48. The damages caused by the presumptive negligence were foreseeable and directly cause by the acts previously here in alleged.

49. The amount of damages caused by the acts and omissions of the defendants in the previous five counts is within the jurisdiction of this court.

50. Plaintiff request trial by jury on all issues.

WHEREFORE: the plaintiff request this honorable court:

A. Grant her judgment against the defendants for her medical expenses, pain and suffering, emotional distress, loss of enjoyment of life and consequential damages in amounts to be determined.

B. Grant such other relief as it deems just and equitable.

Respectfully submitted this 27 day of July 2012.

BY

Stan Brinkman, Esq.

The Law Office of Stan Brinkman

P.O. Box 294 36 S. Court Street

Woodsville, N.H. 03785

603-747-3003

N.H. BAR Id. No. 9028

## Nelson Kinder + Mosseau PC
ATTORNEYS AT LAW

Catherine D. Simms, Paralegal
Manchester Office
Direct Dial: 603-606-5021
Email: csimms@nkmlawyers.com

August 9, 2012

ACHS-Littleton
25 Mt. Eustis Road
Littleton, NH 03561

Re: **MEDICAL RECORDS REQUEST**
Name: Theresa L. Piper
D/O/B: September 19, 1955

Dear Sir/Madam:

This letter serves as a request for copies of all of Theresa L. Piper's therapeutic and/or medical records maintained on file by your facility. An authorization executed by Ms. Piper is enclosed for this purpose.

Please forward all records, including but not limited to progress notes, examination and consultation reports, evaluation reports, billing records, and all written materials to my attention at our New Hampshire address. A narrative report is not required.

Your bill for reasonable photocopying charges will be promptly paid. Should you require prepayment for these records, please let me know. If the charges associated with receiving the requested records are in excess of $50.00, please notify me at (603) 647-1800 prior to responding to this request.

Thank you for your assistance and attention to this matter. If you have any questions, please do not hesitate to contact me.

Sincerely,

Catherine D. Simms
*Paralegal*

/cds
Enclosure

## HIPAA COMPLIANT AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION

1. | Theresa L. Piper | | 09/19/1955 |
   | --- | --- | --- |
   | **PATIENT'S NAME** | **SOCIAL SECURITY NUMBER** | **DATE OF BIRTH** |

2. I, the undersigned, authorize the following specific entity to release any and all information requested by the accompanying subpoena or letter, or as noted in paragraph 4 below, to the **North Country Home Health & Hospice.**, or their agents.

   **Provider:** ACHS - Littleton
   25 Mt. Eustis Rd.
   Littleton NH

3. I understand that unless I expressly direct otherwise:
   a. The custodian will make the medical information reasonably available for inspection and copying, or,
   b. The custodian will deliver to the requesting party the original information or a true copy of the original information accompanied by a signed copy of the provided verification statement.
   c.
   I understand that medical information may include records, if any, on serious communicable diseases and infections, alcohol and drug abuse, psychology, social work, and information about HIV, AIDS, and/or ARC.

4. A description of the health information I authorize for use and disclosure is:

   Any and all from 2009 forward

5. This authorization is valid for twelve months after being signed, or until the conclusion of the following:

6. I understand that the entity identified in paragraph 2 above will not condition treatment, payment, enrollment, or eligibility for benefits on whether or not I sign this authorization.
7. This authorization is signed to make my health information available to the **North Country Home Health & Hospice**. This may include medical information prior to and/or following the date of this authorization, up until the expiration date of the authorization. The medical information covered by this authorization may be relevant as my mental or physical condition is in or could be in controversy in this legal matter. A photocopy of this authorization shall be considered as valid as the original.
8. I understand that I may revoke this authorization, except to the extent action has already been taken in reliance upon this authorization, at any time by sending a written revocation to the doctor, hospital, or other custodian of medical information.
9. The recipient of this information, namely, the **North Country Home Health & Hospice**, may make further disclosure of this information that may not be subject to the protections set forth in 45 CFR parts 160 through 164.

_Theresa L. Piper_     6/21/12
**PATIENT SIGNATURE**     **DATE OF SIGNATURE**

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Grafton Superior Court
3785 D.C. Highway
North Haverhill NH 03774

Telephone: (603) 787-6961
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF DEFAULT

CAITLYN O'CONNELL, M.D.
THE WARREN HEALTH CENTER
333 NH RT 25
WARREN NH 03279

Case Name:     **Theresa Piper v Christopher Polinch, et al**
Case Number:   **215-2012-CV-00320**

Default has been entered against the following party(ies) in the above action:
Caitlyn O'Connell and Christopher Polinch

Default has been entered for the following reason(s):
**Failure to file appearance**

Case is continued for entry of judgment upon compliance with Superior Court Rule 75. Final judgment may be obtained against a party in default by filing the following: An appropriate motion for entry of judgment and affidavit in support of damages sought; a proposed decree if other relief is sought; the original of any negotiable instrument or similar evidence of indebtedness on which this action is based; and an affidavit as to military service if applicable. Any claim for attorneys' fees must be made by motion with an accompanying attorney affidavit. Costs will be taxed only upon the submission of a verified taxation of costs.

Before final judgment will be entered, the party seeking judgment must certify that it has mailed to the last known address of the defaulting party copies of the above documents and that it has notified the defaulting party that the entry of final judgment or decree is being sought.

A hearing as to final judgment shall be scheduled upon the request of any party. Otherwise, the Court may enter final judgment based on the pleadings submitted or may schedule a hearing at its discretion.

BY ORDER OF THE COURT

September 24, 2012

David P. Carlson, Clerk of Court

(468)
C: Christopher Polinch; Stanley Bruce Brinkman, ESQ; Jonathan A. Lax, ESQ

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Grafton Superior Court
3785 D.C. Highway
North Haverhill NH 03774

Telephone: (603) 787-6961
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF STRUCTURING CONFERENCE

CAITLYN O'CONNELL, MD
THE WARREN HEALTH CENTER
333 NH RT 25
WARREN NH 03279

Case Name: **Theresa Piper v Christopher Polinch, et al**
Case Number: **215-2012-CV-00320**

The Court will conduct a CASE STRUCTURING CONFERENCE on **November 21, 2012 9:00 AM**

No later than 20 days prior to the conference, counsel for all parties, or parties if unrepresented, shall meet and confer personally or by telephone, and attempt to reach an agreement on the following matters:

1. A proposed date for trial, and an estimate of the length of trial;
2. An election to proceed either under standard discovery or fast track discovery;
3. A discovery schedule, including dates for the disclosure of each party's experts and experts' reports, and deadline for filing pretrial motions;
4. The scope of discovery, including information stored electronically and in any other medium and any orders that need to be made with respect to that information; and
5. If the case is subject to Alternative Dispute Resolution (ADR) under Rule 170, the form of ADR to be used, the name of the neutral, and the proposed schedule for ADR.

On or before November 11, 2012, the parties shall file a written stipulation addressing the above issues. If the parties are unable to reach an agreement on one or more issues, each party shall submit a proposed order on those matters as to which agreement has not been reached. At the same time, all parties must file summary statements necessary to support their respective claims, defenses or counterclaims. The summary statement shall be comprehensive and made in good faith, but shall not be admissible at trial.

If any party would like to participate in the conference telephonically, that party may file a motion at least 15 days prior to the conference requesting telephonic participation.

If you will need an interpreter or other accommodations for this hearing, please contact the court immediately.

Please be advised (and/or advise clients, witnesses, and others) that it is a Class B felony to carry a firearm or other deadly weapon as defined in RSA 625.11, V in a courtroom or area used by a court.

BY ORDER OF THE COURT

September 24, 2012

David P. Carlson
Clerk of Court

(468)
C: Christopher Polinch; Jonathan A. Lax, ESQ; Stanley Bruce Brinkman, ESQ

NHJB-2462-S (07/01/2011)