UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Theresa Piper</u>

    v.                                      Civil No. 12-cv-373-JD

<u>United States of America and</u>
<u>North Country Home Healthcare</u>
<u>and Hospice</u>


O R D E R

Theresa Piper brought negligence claims against two medical care providers and North Country Home Healthcare and Hospice that arose from Piper's overdose of morphine in August of 2009. The United States removed the case to federal court because the medical care providers were employed by Ammonoosuc Community Health Services, Inc. ("ACHS"), which is deemed to be a federal employee under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233, making the defendant health care providers employees of the United States. The United States, as the defendant substituted for the health care providers, moves to dismiss the claims against it, Counts I, II, IV, and part of V, due to a lack of subject matter jurisdiction. Piper, who is represented by counsel, did not respond to the motion to dismiss.


<u>Discussion</u>

In support of its motion, the United States relies on the affidavit of Meredith Torres, Senior Attorney in the General Law

Division, Office of the General Counsel, Department of Health and Human Services, and the Certification by the United States Attorney for the District of New Hampshire, which were filed with the notice of removal.  Those documents state that ACHS has received federal grant money from the Public Health Service since January 1, 2009; that the Secretary of Health and Human Services has determined that ACHS and its employees have been deemed to be Public Health Service employees since January 1, 2009; and that ACHS has been eligible for Federal Tort Claims Act ("FTCA") medical malpractice coverage since January 1, 2009.  The United States also demonstrates, through Torres's affidavit, that counsel for Piper filed an administrative tort claim on behalf of Piper, relating to the events that form the basis of the claims in this case, on September 10, 2012.

"The FTCA is a limited waiver of sovereign immunity by the United States whereby a claimant can sue for the 'negligent or wrongful act or omission' of certain government employees." Ramirez-Carlo v. United States, 496 F.3d 41, 46 (1st Cir. 2007) (quoting 28 U.S.C. § 1346(b)(1)).  The limited waiver of sovereign immunity only applies to those claims that are properly presented to the appropriate agency within two years of accrual. 28 U.S.C. §§ 2401(b) & 2675(a).  In the absence of a timely filed administrative claim, federal courts lack jurisdiction to consider the claim.  Donahue v. United States, 660 F.3d 523, 524 (1st Cir. 2011).

In this case, the events that gave rise to Piper's claims occurred between August 19 and September 1, 2009.  Counsel filed an administrative tort claim on Piper's behalf with the Department of Health and Human Services on September 10, 2012.  Piper makes no argument that her claim accrued at a time after September 1, 2009.  Therefore, Piper's administrative claim was filed more than two years after the date it accrued.  As a result, the court lacks subject matter jurisdiction over Piper's claims against the United States.  See, e.g., Gonzalez v. United States, 284 F.3d 281, 290-91 (1st Cir. 2002); Z.B. v. Ammonoosuc Community Health Servs., Inc., 2004 WL 1571988, at *6-*10 (D. Me. June 13, 2004).

Federal jurisdiction for removal of this case from state court was based on the United States as a substituted defendant.  The claims against the United States are dismissed.  The only claims that remain in this case are state claims against North Country Home Healthcare and Hospice in Count III and Count V.

Once the claims that conferred federal jurisdiction are dismissed, the court may decline to exercise jurisdiction over the remaining claims.  28 U.S.C. § 1367(c)(3).  Declining jurisdiction is encouraged when the federal claims are dismissed at an early stage of the litigation.  Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995).  Further, when the court declines to exercise supplemental jurisdiction over state claims in a removed case, the court may remand the case to state

court instead of dismissing the claims without prejudice. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988).

It is appropriate to decline to exercise supplemental jurisdiction over Piper's state claims in this case and to remand the case to Grafton County Superior Court.

## Conclusion

For the foregoing reasons, the United States's motion to dismiss (document no. 5) is granted. Counts I, II, IV, and that part of Count V pertaining to the United States are dismissed.

The clerk of court shall enter judgment accordingly on Counts I, II, IV, and part of Count V, and remand the remainder of the case to Grafton County Superior Court.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November 19, 2012

cc:  Stanley B. Brinkman, Esq.
     Jonathan A. Lax, Esq.
     T. David Plourde, Esq.